**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Jeffrey David Cook,<br><br>Plaintiff,<br><br>v.<br><br>Judge Jan Bromell-Holmes,<br><br>Defendant. | **C/A No. 4:26-cv-01241-JD**<br><br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 9), issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends summarily dismissing Plaintiff Jeffrey David Cook's ("Plaintiff") Complaint (DE 1), brought under 42 U.S.C. § 1983, without leave to amend because Defendant is entitled to absolute judicial immunity. No objections have been filed. For the reasons below, the Court finds no clear error and adopts the Report.

**A. Background**

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action against South Carolina Family Court Judge Jan Bromell-Holmes ("Defendant") based on her conduct during family court proceedings on December 10, 2025. (DE 1 at 3–4.) Plaintiff alleges that Defendant discriminated against him and his child based on race, sex, and disability. Specifically, Plaintiff contends that Defendant made statements suggesting that mothers possess greater parental rights and are better equipped to care for children. He also alleges that Defendant disregarded evidence

concerning alleged sexual abuse of his child, failed to protect the child, and intentionally delayed the proceedings because of discriminatory bias. (*Id.*)

Plaintiff asserts that Defendant's conduct resulted in his child's removal from his home and caused him emotional distress, anxiety, and depression. He seeks $1,300,000 in monetary damages, as well as Defendant's immediate removal from judicial office and forfeiture of her pension. (DE 1 at 4.)

The Magistrate Judge reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded that Plaintiff's allegations arise entirely from actions Defendant undertook in her judicial capacity while presiding over family court proceedings. Accordingly, the Magistrate Judge recommends dismissal without leave to amend because Defendant is entitled to absolute judicial immunity. (DE 9 at 3–5.)

The Report was entered on July 2, 2026, and mailed to Plaintiff at his address of record that same day. (DE 9, 10.) No objections appear on the docket, and the time for filing objections has expired.

**B. Legal Standard**

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the district court makes a de novo determination of those portions of a report to which a specific objection is made. *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). When no specific objections are filed, however, the Court need only satisfy itself that no clear error appears on the face of the record before accepting the recommendation.

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an action proceeding *in forma pauperis* if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Although courts liberally construe pleadings filed by *pro se* litigants, they cannot disregard a clear failure to allege facts establishing a cognizable claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**C. Discussion**

The Report concludes that Defendant is entitled to absolute judicial immunity because Plaintiff challenges actions undertaken during the adjudication of a family court matter. (DE 9 at 3–5.) Having reviewed the Complaint and applicable law, the Court finds no clear error in that determination.

Judges are absolutely immune from civil liability for acts performed in their judicial capacity unless they act in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). Judicial immunity applies even when the challenged actions are alleged to have been erroneous, malicious, or in excess of judicial authority. *See Stump v. Sparkman*, 435 U.S. 349, 356–59 (1978). The Fourth Circuit has emphasized that judicial immunity protects judicial acts, not every action performed by an individual holding judicial office. *See Gibson v. Goldston*, 85 F.4th 218, 223–25 (4th Cir. 2023). In *Gibson*, the court held that a family court judge was not entitled to judicial immunity when she personally entered a litigant's residence

and participated in and supervised a search and seizure. *Id.* at 224–25. The court distinguished those executive functions from acts ordinarily undertaken in a judicial capacity. *Id.*

The conduct alleged here is materially different. Plaintiff challenges Defendant's statements during a family court hearing, her consideration of evidence, her handling of custody-related matters, and her management of the proceedings. (DE 1 at 3–4.) These are functions ordinarily performed by a family court judge in adjudicating matters within the court's jurisdiction. Unlike the judge in *Gibson*, Defendant is not alleged to have personally undertaken an extrajudicial search, seizure, or comparable executive function.

Nor does Plaintiff's allegation that Defendant disregarded evidence or failed to comply with applicable family court law overcome judicial immunity. Even assuming those allegations are true, an error in applying governing law or exercising judicial authority does not establish that Defendant acted in the complete absence of subject-matter jurisdiction. *See Stump*, 435 U.S. at 356–57. Accordingly, the Court finds no clear error in the Report's conclusion that Defendant is absolutely immune from Plaintiff's claims for monetary damages.

Plaintiff's request for nonmonetary relief does not alter the result. Section 1983 provides that injunctive relief against a judicial officer for acts undertaken in a judicial capacity is unavailable unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. Plaintiff alleges neither circumstance. Moreover, § 1983 provides no basis for this Court to order Defendant's removal from judicial office or forfeiture of her pension based on the judicial acts

alleged. Thus, Plaintiff has not identified a legally available form of relief against Defendant here.

Finally, the Court agrees that dismissal without leave to amend is warranted. Although leave to amend should ordinarily be freely given, amendment is unnecessary where it would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has recognized that dismissal with prejudice is appropriate when amendment would not cure the fundamental deficiencies in a plaintiff's claims. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008); *see also King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (recognizing that dismissal of a *pro se* complaint ordinarily should be without prejudice when the plaintiff has not been afforded an opportunity to amend and the district court has not addressed futility).

Here, the deficiency is not merely a lack of factual detail but the legal immunity attaching to the judicial acts on which Plaintiff's claims depend. Additional allegations concerning Defendant's alleged bias, evidentiary determinations, or procedural errors would not alter the judicial nature of those acts. Nor would further factual allegations concerning the same conduct establish an entitlement to the requested nonmonetary relief. Because the defects in Plaintiff's claims cannot be cured through amendment, the Court finds dismissal with prejudice, without leave to amend, appropriate.

**D. Conclusion**

For these reasons, the Court **ADOPTS** the Report and Recommendation (DE 9) and incorporates it herein. Plaintiff's Complaint (DE 1) is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B), without leave to amend. The Clerk of

Court is **DIRECTED** to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58, close this action, and mail a copy of this Order and the judgment to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 24, 2026